# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Michael Eugene Limous,** ) | C/A No. 2:06-617-CMC-RSC |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **Warden, Lieber Correctional** ) | |
| **Institution,** ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Petitioner, proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Respondent filed a motion for summary judgment. The court issued a *Roseboro* order advising Petitioner of the summary judgment procedure and the possible consequences if he failed to respond. Petitioner advised the court that he did not receive a copy of the motion for summary judgment. The Clerk of Court mailed Petitioner a copy of the motion for summary judgment and *Roseboro* order, and advised Petitioner that the deadline for responding to the motion for summary judgment had been reset. The court issued another order granting Petitioner an additional ten days in which to file his response. Despite the warning that the action would be dismissed if he failed to respond, Petitioner did not file a response. In accordance with this court's order of reference and 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), this matter comes before the court with the Report and Recommendation of United States Magistrate Judge Robert C. Carr.

The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b). The court

reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) stating that "in the absence of a timely filed objection, a district court need not conduct *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" (quoting Fed. R. Civ. P. 72 advisory committee's note).

Based on his review of the record, the Magistrate Judge has recommended that the action be *dismissed for lack of prosecution*. The Magistrate Judge advised Petitioner of his right to file objections to the Report and the possible consequences if he failed to do so. Petitioner has filed no objections and the time for doing so has expired.

After reviewing the Petition, the motion, the complete record, and the Report and Recommendation of the Magistrate Judge, the court finds no clear error. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted and incorporated by reference. Therefore, it is

**ORDERED** that this action is *dismissed for lack of prosecution.*

**IT IS SO ORDERED**.

          s/ Cameron McGowan Currie
          CAMERON MCGOWAN CURRIE
          UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
October 4, 2006

C:\Documents and Settings\Guest\Local Settings\Temp\notesE1EF34\06-617 Limous v. Warden - dism for failure to prosecute - dmg.wpd